

**SO ORDERED.**

**SIGNED this 14 day of June, 2012.**

                                                **Stephani W. Humrickhouse**
                                                **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                          CASE NO.

COWSTONE, LLC                                  12-00658-8-SWH

        DEBTOR

### ORDER HOLDING NICHOLAS A. STRATAS, JR. IN CIVIL CONTEMPT

This matter came on to be heard upon the Motion for Order Holding Nicholas A. Stratas, Jr. in Civil or Criminal Contempt for Violating Consent Order filed by Paragon Commercial Bank ("Paragon") on June 4, 2012 (the "Contempt Motion"). The Contempt Motion was amended on June 7, 2012, to remove the request for criminal contempt. A hearing was held on June 7, 2012, and June 13, 2012. Upon the conclusion of the hearing, the court determined that Nicholas A. Stratas, Jr. was in civil contempt of the Consent Order entered by the Court on April 11, 2012, and directed Stratas to withdraw his Motion to Set Aside Purported Sale and Request for a Stay of the Foreclosure Pending a Resale of the Subject Property filed in Wake County Superior Court prior to the hearing scheduled in that court for June 14, 2012, failing which he would be taken into custody by the United States Marshal. The basis for that ruling is set out herein.

**Background**

Cowstone, LLC (the "debtor") filed a Chapter 7 petition on January 26, 2012. The debtor's schedules listed a house and lot located at 116 Cowper Drive, Raleigh, North Carolina (the "Real Property) as its major asset. Nicholas A. Stratas, Jr. (Stratas") is the sole member manager of the debtor. Paragon holds a claim against the debtor in an amount in excess of $2,245,151.10 which is secured by the Real Property. The debtor defaulted on the Paragon loan pre-petition and a foreclosure was initiated, but stayed by the bankruptcy filing during the upset period. Paragon filed a motion for relief from stay on February 3, 2012 which was resolved by Consent Order dated April 11, 2012 (the "Consent Order").

The Consent Order provided for relief from the automatic stay to enable Paragon to foreclose on the Real Property. It further provided, inter alia,

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Debtor will cooperate with Paragon's efforts to foreclose its security interest in the Real Property, and will not interfere with or otherwise impeded [sic] the foreclosure of the Real Property. As evidence [sic] by the signatures below, the Debtor does hereby pursuant to N.C. Gen. Stat. § 45-21.16(f):
>
> (1)    Waive the Right to Notice;
> (2)    Waive the Right to Hearing; and,
> (3)    Waive the right to notice of any foreclosure sale.
>
> The Debtor agrees to the fullest extent permitted by law (i) not to contest a foreclosure of the deeds of trust; (ii) to further waive right to notice and hearing with respect to any such foreclosure of the Real Property; and (iii) to cooperate fully with Paragon, using the Debtor's best efforts to complete any foreclosure authorized herein as expeditiously as possible. Nothing contained herein is intended to be, or shall be construed as, limiting the Debtor's or a guarantors' right to bid on a collateral or redeem the collateral prior to the expiration of the equity of redemption for that collateral.

The Consent Order was signed by Cindy G. Oliver, counsel for Paragon, and Gerald A. Jeutter, Jr., counsel for debtor. Stratas, at or about the time of the execution of the Consent Order, individually negotiated a Settlement Agreement which incorporated the Consent Order by reference and which included similar language regarding Stratas' agreement to cooperate with the foreclosure and not to contest it.

On May 24, 2012, a second foreclosure of the Real Property was conducted at which Paragon was the high bidder at $2.2 million. Notwithstanding the express terms of the Consent Order, Stratas, individually and as the principal of the debtor, filed an ex parte motion in the state court foreclosure proceeding to set aside the foreclosure on May 31, 2012. The grounds set forth in the motion related to the foreclosure trustee's manner of speech and conduct during the sale: Stratas asserted that the trustee mumbled and was rude, and that as a result, Stratas was unable to understand what was being bid by Paragon and what was required of him to place a competing bid. On May 31, 2012, the Wake County Clerk entered an order staying the foreclosure sale pending further hearing on June 21, 2012, which hearing was then moved up to June 14, 2012.

On June 4, 2012, Paragon filed its Motion for Contempt alleging that the debtor and Stratas' filing of the motion to stay the foreclosure sale constituted a violation of the April 11, 2012 Consent Order. Upon Paragon's motion for an expedited hearing, a hearing was set for June 7, 2012.[1]

At the hearing, Stratas argued that his right to bid at the foreclosure sale, which was specifically preserved in the Consent Order, was denied or otherwise prejudiced by the conduct of the trustee at the foreclosure sale. Because of that, Stratas argues, he did not violate the Consent

---

[1] Stratas moved to continue the hearing for various reasons. The court allowed the hearing to proceed, but concluded during the hearing that Stratas needed to be re-served and that the hearing would resume on June 13, 2012.

Order by filing the motion to stay the foreclosure. At the hearing held on June 7, 2012, at which Stratas appeared by telephone, the court expressly advised Stratas that it expected him to offer evidence of his ability to bid at the foreclosure sale when the hearing resumed on June 13, 2012.

At the hearing on June 13, 2012, the court confirmed that Stratas had been formally and properly served with Paragon's motion for contempt and heard the testimony of Stratas concerning his ability to bid at the May 24, 2012 foreclosure sale. Stratas testified that he had approximately $110,000 in cash in his pocket at the sale for a deposit and had arranged for financing through a third party, George Stephenson, for the balance of the bid. Although the court had expressly advised Stratas that it would be expecting evidence of his ability to bid at the May 24, 2012 foreclosure sale, Stratas did not introduce the testimony of his financier, any written confirmation of financing or any other corroboration for his unsupported and self-serving testimony.

The court finds that Stratas' testimony regarding his ability to bid at the May 24, 2012 foreclosure sale is not credible. There is therefore no persuasive evidence that Stratas could have bid at that sale. Because Stratas could not have bid at the sale, nothing the trustee has been alleged to have done or failed to do provided a proper basis for Stratas to have avoided the terms of the Consent Order requiring him to cooperate and not to interfere with the foreclosure sale. The court therefore finds Stratas in violation and contempt of the April 11, 2012 Consent Order. Such contempt has resulted in actual damages to Paragon for delay of the foreclosure sale and for attorney's fees incurred to enforce the Consent Order. Stratas is directed to withdraw the Motion to Set Aside Purported Sale and Request for a Stay of the Foreclosure Pending a Resale of the Subject Property prior to the hearing set for 11:00 a.m. on June 14, 2012, and to immediately notify the court and counsel for Paragon of such withdrawal.

The court has been provided with a copy of the Withdrawal of Motion to Set Aside Purported Sale and Request for a Stay of the Foreclosure Pending a Resale of the Subject Property filed by Stratas in the state court foreclosure proceeding at 10:18 a.m. on June 14, 2012 (the "Withdrawal"). The Withdrawal provides

> Now comes Cowstone and Stratas who give notice that the motion(s) for relief filed by Cowstone and Stratas are withdrawn and dismissed without prejudice **contingent** on Paragon withdrawing any pending motion(s) and if Paragon causes to be filed any motion for relief in this matter after the date of this dismissal, that the relief sought by the Cowstone and Stratas will automatically be re-instated.

The court finds that such withdrawal is not unqualified and is therefore not in compliance with the court's direction at the conclusion of the June 13, 2012 hearing. Therefore, the United States Marshal is directed to take Stratas into custody to be incarcerated until such time as 1) Paragon's foreclosure is completed and a trustee deed has been recorded, and 2) the sum of $10,000 is paid to Paragon to compensate it for damages incurred by reason of Stratas' contempt.

**SO ORDERED**.

**END OF DOCUMENT**